[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10097

_____

D.C. Docket No. 07-20089 CV-CMA

ISMAEL PERDOMO,

Plaintiff-Appellant,

versus

ASK 4 REALTY & MANAGEMENT, INC.,
REAL ESTATE DEPOT, INC.,
ALAN KLASFELD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 23, 2008)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

From approximately July 2000 to September 2005, Ismael Perdomo performed work for Ask 4 Realty & Management, Inc., Real Estate Depot, Inc., and Alan Klasfeld (collectively, the "Defendants"). Perdomo sued the Defendants seeking overtime wages for the period of July 2000 to December 31, 2004, and wages for the work performed in 2005. Perdomo's claim is based upon the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. The district court granted summary judgment for the Defendants, holding that, given the undisputed facts, Perdomo was an independent contractor and not an "employee" of the Defendants as defined by 29 U.S.C. § 203(e) of the FLSA, and so had no right to sue under its overtime or wage provisions.

Perdomo appeals the district court's grant of summary judgment, arguing first that the determination of employee status is a question of fact, not of law. Second, Perdomo argues that the district court erred in determining he was an independent contractor and not an employee under the FLSA.

First, the district court did not err in determining Perdomo's status as an independent contract as a matter of law. We have held that "[a] determination of employment status under the FLSA and the AWPA is a question of law subject to our de novo review." *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996).

Second, the district court did not err in determining that Perdomo was an independent contractor and thus could not avail himself of the wage and overtime provisions of the FLSA. (R.1-50 at 9-10.) To determine whether Perdomo was an employee or an independent contractor, we must apply the multi-factor economic realities test. *Antenor*, 88 F.3d at 933. No one factor is determinative, and each factor should be given weight according to how much light it sheds on the nature of the economic dependence of the putative employee on the employer. *Id*. at 928-33.

Although our review of the district court's determination of Perdomo's employment status is de novo, our analysis closely resembles that of the district court. We agree with the district court's determination that Perdomo was an independent contractor, and affirm the district court's grant of summary judgment.

One aspect of the district court's order merits further discussion, however. The district court, in its analysis of Perdomo's opportunity for profit and loss, characterized the Defendants' $200 biweekly payment to Perdomo as a salary. Based on the undisputed evidence before the district court, we think it more appropriate to characterize this payment as a draw.

The district court cited Klasfield's deposition (R.1-38 Ex. B at 20-21) for the proposition that Perdomo received a salary. (R.1-50 at 7.) But Klasfield never characterizes the biweekly pay as a salary; that word is exclusively used by

Perdomo's lawyer. (R.1-38 Ex. B at 20-21.) Indeed, in his statement of material facts in his reply brief in support of his motion for summary judgment, Klasfield characterizes the biweekly pay as part of Perdomo's per-job compensation and cites to pages 15 and 41 of his deposition in support. (R.1-43 at 2.) At page 41 of his deposition, Klasfield says that the "$100 a week was basically just an advance against the work that he was doing." (R.1-38 Ex. B at 41.) Perdomo does not cite any evidence in his response brief to the Defendants' motion for summary judgment or in his own motion for partial summary judgment that contradicts Klasfeld's characterization of the biweekly pay as a draw. Accordingly, the undisputed evidence shows that the $200 biweekly payment was a draw, not a salary.

Because we agree with the district court's determination that Perdomo was an independent contractor, we affirm the district court's grant of summary judgment for the Defendants.

AFFIRMED.

4